Filed 12/18/15  Trabert v. Consumer Portfolio Services CA4/1
Opinion on remand from Supreme Court
Earlier published opinion filed on 3/15/15

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHAUN TRABERT, | D065556 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2010-00096763-CU-BT-CTL) |
| CONSUMER PORTFOLIO SERVICES, INC., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, John S. Meyer and Ronald L. Styn, Judges.  Reversed with directions.

The Hanson Law Firm and John William Hanson; Law Office of Michael E. Lindsey and Michael E. Lindsey for Plaintiff and Respondent.

Sheppard Mullin Richter & Hampton, Robert F. Stumpf, Jr., Anna S. McLean and Shannon Charles Petersen, for Defendant and Appellant.

Defendant Consumer Portfolio Services, Inc. (Portfolio) seeks to compel arbitration of plaintiff Shaun Trabert's claims under an arbitration clause contained in an industry-drafted automobile purchase contract. This is the third time this court has ruled on the matter. In the first appeal, we held portions of the parties' arbitration agreement were unconscionable and remanded for a severability determination.[1] The California Supreme Court denied Trabert's petition for review of our decision. In the second appeal, we reversed the trial court's order refusing to sever the unconscionable provisions and held the matter should be ordered to arbitration without the offending provisions.[2] The California Supreme Court granted Trabert's petition for review, and held the case pending its decision in *Sanchez v. Valencia Holding Co., LLC*, which involved a similar unconscionability challenge to the *same* arbitration agreement in the *same* standard form purchase contract.

In August 2015, the high court filed *Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899 (*Sanchez*), clarifying the rules applicable to the unconscionability defense under California law and upholding the enforceability of the arbitration provision. The high court then remanded this case for our review in light of *Sanchez.*

On remand, Trabert contends this case is materially distinguishable from *Sanchez* because the arbitration cost provisions as applied to him are unconscionable. This

---

[1] *Trabert v. Consumer Portfolio Services, Inc.* (Apr. 8, 2013, D060491) [nonpub. opn.] (*Trabert I*).

[2] *Trabert v. Consumer Portfolio Services, Inc.* (2015) 234 Cal.App.4th 1154, review granted June 10, 2015, S225749 (*Trabert II*).

contention is unsupported by the appellate record. Under *Sanchez*, the parties' arbitration agreement is not unconscionable and is enforceable. Accordingly, we reverse and remand with orders that the court grant Portfolio's petition to compel arbitration and order the matter to arbitration.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In August 2008, Trabert purchased a used 2007 Chevrolet Malibu from a car dealer under an installment sale contract. The purchase price was $16,709.87. Trabert made a $1,500 downpayment, and the remainder was financed by the dealer at 18.45 percent interest. The dealer then assigned the contract to Portfolio.

Portfolio repossessed the vehicle when Trabert stopped making the required monthly payments. After Portfolio provided Trabert with a statutory notice of intent to sell the vehicle (NOI), Portfolio sold the vehicle and then sought a deficiency balance of approximately $6,900.

In July 2010, Trabert filed a class action complaint alleging Portfolio failed to provide notices required by law, including a proper NOI. Trabert alleged Portfolio violated the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.) and the Unfair Competition Law (Bus. & Prof. Code, § 17200). Trabert sought to represent a class of California residents whose vehicles were repossessed by, or surrendered to, Portfolio, and against whom Portfolio had asserted a deficiency claim.

Several months later, Portfolio moved to compel arbitration based on an arbitration clause in Trabert's purchase agreement. Trabert signed or initialed the

3

contract on about 10 places on the front side, but there are no signatures or initials by Trabert on the back of the contract.

As in *Sanchez,* the purchase contract contained a class action waiver and a lengthy arbitration clause. Of relevance here, the arbitration clause provided: (1) the arbitration "award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel"; (2) the appealing party "shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs"; (3) the parties "retain any rights to self-help remedies, such as repossession"; (4) the parties "retain the right to seek remedies in small claims court"; and (5) the dealership "will advance [the purchaser's] filing, administration, service or case management fee and your arbitration or hearing fee all up to a maximum of $2500, which may be reimbursed . . . at the arbitrator's discretion."

Trabert opposed Portfolio's motion, asserting the arbitration provision was procedurally and substantively unconscionable. On the substantive unconscionability claim, Trabert argued the agreement was not mutual because it excluded certain remedies (small claims court and repossession) and did not provide equivalent rights to appeal an unfavorable award.

Trabert did not specifically argue the arbitration provision was substantively unconscionable because he could not afford the arbitration. But he presented evidence

4

relating to the American Arbitration Association (AAA) rules and fee schedules to support his argument that he could not obtain his requested injunctive relief through arbitration. In this regard, he asserted that consumer arbitration rules do not permit injunctive relief, and that "the Commercial Rules *do not apply* to this consumer transaction." (Italics added.) On the affordability issue, Trabert argued that "*if* [he] is ordered to resort to the Commercial Rules, the fees [would be] prohibitively expensive." (Italics added.)

Trabert also proffered the declaration of his counsel, who said that arbitrator and expert fees "usually run in the $400 and $600 per hour range" and that "[f]iling and service fees alone for arbitration are often well in excess of $2,500." Trabert's counsel said that based on his extensive experience, he has "found that the vast majority of car dealers in California use an arbitration clause"; consumers are generally "surprised" that this clause exists on the back of the preprinted document; and he has "never seen a dealership allow a customer to change pre-printed language on a contract, even if asked."

Trabert did not file his own declaration, and there was no evidence of his financial circumstances at the time he purchased the vehicle. In his memorandum of points and authorities, Trabert claimed he lost his job about one year after he purchased the vehicle, and, in another portion of the memorandum, he asserted that "Persons whose cars get repossessed are by definition *poor*."

After considering the parties' submissions and conducting a hearing, the trial court denied Portfolio's motion to compel arbitration based on its conclusion the arbitration provision was substantively and procedurally unconscionable. The court found

5

procedural unconscionability on several grounds, including that Trabert "was not given a meaningful opportunity to negotiate or reject the terms of the contract. . . ."  On substantive unconscionability, the court found the arbitration clause was "one-sided" because it excepted self-help remedies such as repossession, which provided "[d]efendant with significant tactical and remedial advantages unavailable to [p]laintiff."  The court did not make any findings regarding the affordability of the arbitration.

Portfolio appealed, and, in *Trabert I*, we agreed with portions of the court's order and disagreed with other portions.  (*Trabert I, supra*, D060491.)  We rejected plaintiff's argument (and the trial court's conclusion) that the self-help and small claims exceptions were unconscionable.  (*Ibid.*)  But based on existing California authority, we found the exceptions to the finality provisions were unconscionable and unenforceable.  We then remanded for the court to consider whether these specific provisions could be severed and the matter ordered to arbitration after deleting these exceptions.  (*Ibid.*)

Trabert petitioned for review of *Trabert I* in the California Supreme Court.  At the time (May 2013), the *Sanchez* case was pending in the high court and presented similar unconscionability challenges to the identical arbitration provision in the same industry-drafted purchase contract.  Although the California Supreme Court had granted several petitions for review in cases raising similar unconscionability issues, the court denied Trabert's petition and the matter was returned to the superior court on the severability issue.

On remand, the trial court declined to sever the provisions and again denied Portfolio's motion to compel arbitration.  Portfolio challenged this order in a second

6

appeal to this court. (*Trabert II, supra*, 234 Cal.App.4th 1154.) In *Trabert II,* we held the trial court erred in denying Portfolio's severance motion and reversed the order. We reasoned the provisions found unconscionable concerned only exceptions to the finality of the arbitration award, and thus could be deleted without affecting the core purpose and intent of the arbitration agreement. We thus reversed and remanded with directions for the court to sever the unconscionable provisions and grant Portfolio's motion to compel arbitration.

Trabert petitioned for review of this decision. This time, the California Supreme Court granted and held the petition for *Sanchez*, which was still pending at the court. Shortly after, in August 2015, the court filed *Sanchez.* (*Sanchez, supra*, 61 Cal.4th 899.) The high court then remanded *Trabert II* to this court with directions to "vacate its decision and to reconsider the cause in light of *Sanchez* . . . ."

Following the remand, neither party submitted a supplemental brief within the time permitted. However, we provided the parties opportunity to file late letter briefs and granted the parties' request for oral argument. Having considered the parties' arguments and reexamined the record in light of *Sanchez*, we conclude the trial court erred in its initial refusal to grant the arbitration petition. Under *Sanchez*, the arbitration agreement is not unconscionable and thus must be enforced.

DISCUSSION

I. *Law of the Case Doctrine*

The case before us is *Trabert II.* The issue in *Trabert II* concerned *severability* of the provisions found to be unconscionable. However, based on the Supreme Court's

7

order vacating and remanding this case in light of *Sanchez* and the fact that *Sanchez* addressed only the unconscionability issue (and not severability), we necessarily take a broader approach and reconsider our initial determination in *Trabert I* that the agreement contained unconscionable provisions.  Although technically our earlier decision in *Trabert I* (of which the California Supreme Court denied review) is binding under the law of the case doctrine, an exception to that doctrine applies when there is a subsequent change in applicable law.  (See *Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491-492.)  This exception applies here, particularly in light of the high court's explicit directions to this court.

II.  *Applicable Legal Principles Regarding Unconscionability*

*Sanchez* clarified the rules governing unconscionability contract defenses under California law.  (*Sanchez, supra*, 61 Cal.4th at pp. 910-924.)  Generally, procedural and substantive unconscionability " ' "must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." ' "  (*Id.* at p. 910.)  In evaluating the level of substantive unconscionability, courts must determine whether the contract imposes terms that are: " ' " 'overly harsh' " ' [citation], ' " 'unduly oppressive' " ' [citation], ' " 'so one-sided as to "shock the conscience" ' " ' [citation], or " 'unfairly one-sided' " [citation].' "  (*Id.* at pp. 910-911.)

All of these standards mean essentially the same thing:  they "point to the central idea that unconscionability doctrine is concerned not with 'a simple old-fashioned bad bargain' [citation], but with terms that are '*unreasonably favorable to the more powerful*

*party*' [citation]." (*Sanchez, supra*, 61 Cal.4th. at p. 911, italics added.)

" '[U]nconscionability requires a substantial degree of unfairness *beyond "a simple old-fashioned bad bargain."* ' . . . "Commerce depends on the enforceability, in most instances, of a duly executed written contract. A party cannot avoid a contractual obligation merely by complaining that the deal, in retrospect, was unfair or a bad bargain. Not all one-sided contract provisions are unconscionable; hence the various intensifiers in [the California Supreme Court's] formulations: '*overly* harsh,' '*unduly* oppressive,' '*unreasonably* favorable.' " (*Ibid.*) " ' "[A] contract can provide a 'margin of safety' that provides the party with superior bargaining strength a type of extra protection for which it has a legitimate commercial need without being unconscionable." ' [Citations.]" (*Id.* at p. 912.)

Because unconscionability is a contract defense, the party asserting the defense bears the burden of proof. (*Sanchez, supra*, 61 Cal.4th at p. 911.) "And . . . the substantive unfairness of the terms must be considered in light of any procedural unconscionability. The ultimate issue in every case is whether the terms of the contract are sufficiently unfair, in view of all relevant circumstances, that a court should withhold enforcement." (*Id.* at p. 912.)

III. Sanchez*'s Application of Legal Principles to Automobile Purchase Contract*

In applying these unconscionability principles, the *Sanchez* court first noted the industry-drafted purchase agreement is an adhesive contract, and this factor is "sufficient to establish some degree of procedural unconscionability." (*Sanchez, supra*, 61 Cal.4th at p. 915.) The court then scrutinized the plaintiff's challenges to the contract's substantive

9

terms to determine whether the terms were " 'manifestly unfair or one-sided.' " (*Ibid.*) In so doing, the court found several of the plaintiff's unconscionability challenges were unsupported as a matter of law.

First, the court analyzed the arbitration clause's provision allowing a trial de novo (before three arbitrators) for arbitration awards of $0 or in excess of $100,000, and found this provision was not unconscionable because it was not *unreasonably* favorable to the more economically powerful party (the car dealer). (*Sanchez, supra*, 61 Cal.4th at pp. 915-917.) The *Sanchez* court explained this provision "does not, on its face, obviously favor the drafting party. . . . It may be reasonable to assume that the ability to appeal a $0 award will favor the buyer, while the ability to appeal a $100,000 or greater award will favor the seller. But nothing in the record indicates that the latter provision is substantially more likely to be invoked than the former. We cannot say that the risks imposed on the parties are one-sided, much less unreasonably so." (*Id.* at p. 916.)

Second, the *Sanchez* court rejected the plaintiff's unconscionability challenge to the provision allowing parties to appeal injunctive relief awards. (*Sanchez, supra*, 61 Cal.4th at p. 917.) The court recognized that this appeal provision would mainly benefit the car dealer, but found the "potentially far-reaching nature of an injunctive relief remedy . . . justif[ies] the extra protection of additional arbitral review." (*Ibid.*) The court reiterated that a party with superior bargaining power may ensure " ' "a type of extra protection for which it has a legitimate commercial need." ' " (*Ibid.*)

Third, the *Sanchez* court rejected the plaintiff's unconscionability challenge to the provision's exclusion for self-help remedies, explaining these remedies "are, by

10

definition, sought outside of litigation" and therefore there is nothing improper about excluding them from arbitration. (*Sanchez, supra*, 61 Cal.4th at pp. 921-922.) The high court noted the rules preserve the consumer's small claims court rights, and found it significant that repossession remedies are expressly authorized by statute and constitute "an integral part of the business of selling automobiles on credit," fulfilling a " ' "legitimate commercial need." ' " (*Id.* at p. 922.)

But the *Sanchez* court found an additional category of challenged unconscionability provisions—the rules imposing arbitration costs on a consumer—may require a factual analysis. The arbitration clause provides that the consumer must pay arbitration costs, but the dealer must pay " 'up to a maximum of $2500, which may be reimbursed' " at the arbitrator's discretion. (*Sanchez, supra*, 61 Cal.4th at p. 908.) The clause also provides that for a de novo appeal to a three-arbitrator panel, the appealing party "shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs." (*Ibid.*)

In analyzing the issue, the *Sanchez* court discussed that under its prior decisions, arbitration provisions in the context of employment arbitration of unwaivable statutory rights cannot impose *any* costs on an employee (see *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 110-111), but the Legislature has addressed consumer arbitration costs "in a different way." (*Sanchez, supra*, 61 Cal.4th at p. 918.) Under Code of Civil Procedure section 1284.3, an arbitrator cannot require that a consumer "pay the fees and costs incurred by an opposing party if the consumer does not prevail in the arbitration," *and* all fees and costs ("exclusive of arbitrator fees") for an

11

"indigent consumer" must be waived.  (Code Civ. Proc., § 1284.3, subds. (a), (b)(1).)  An " 'indigent consumer' means a person having a gross monthly income that is less than 300 percent of the federal poverty guidelines."  (Code Civ. Proc., § 1284.3, subd. (b)(1).)

Following the Legislature's " 'ability-to-pay' " approach for consumer arbitration costs, the *Sanchez* court held that in examining "affordability" challenges in consumer arbitration, courts should conduct a " 'case-by-case determination.' " (*Sanchez, supra*, 61 Cal.4th at pp. 919, 920; accord, *Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 97-98.)  Under this test, " 'plaintiffs suing under the [consumer protection] statutes may resist enforcement of an arbitration agreement that imposes unaffordable fees.' " (*Sanchez*, at p. 919.)  But an arbitration "provision cannot be held unconscionable *absent a showing that appellate fees and costs in fact would be unaffordable or would have a substantial deterrent effect*" on the consumer using the arbitration procedures.  (*Sanchez*, at p. 920, italics added; see *Gutierrez*, at pp. 90-91.)  The party resisting arbitration has the burden to meet this standard, and courts are required to determine the affordability of arbitration " 'at the time [the contract] was made.' " (*Sanchez*, at p. 920; *Gutierrez*, at pp. 90-91.)

Applying this test, the *Sanchez* court concluded the plaintiff did not meet his burden to show the arbitration cost provisions—including those requiring an appealing party to pay for "not one but three arbitrators"—was unconscionable.  (*Sanchez, supra*, 61 Cal.4th at p. 920.)  The California Supreme Court explained:  "The dispute in this case concerns a high-end luxury item.  [The plaintiff] does not claim, and no evidence in the record suggests, that the cost of appellate arbitration filing fees were unaffordable for

12

him, such that it would thwart his ability to take an appeal in the limited circumstances where such appeal is available. We therefore conclude on the record before us that the arbitral appeal fee provision is not unconscionable." (*Id.* at p. 921.)

IV. *Applying* Sanchez*'s Unconscionability Analysis in This Case*

Trabert does not dispute that under *Sanchez*, his unconscionability challenges to the arbitration provisions allowing an appeal under certain circumstances ($0 award; $100,000-plus award; injunctive relief) and allowing the parties to engage in self-help and invoke small claims remedies are without merit. We agree. The California Supreme Court's analysis and holdings—regarding the same arbitration provision in the same industry contract—are controlling. Even if the contract is procedurally unconscionable, the *Sanchez* court's conclusions that these provisions do not rise to the level of substantive unconscionability bar Trabert's identical challenges in this case.

But Trabert argues this case is factually distinguishable because the arbitration costs *as applied in his case* render the arbitration agreement substantially unfair. The argument is factually unsupported. As in *Sanchez*, Trabert did not claim in the proceedings below, nor present evidence showing, the costs of the consumer arbitration, including the appellate arbitration filing fees, were unaffordable to him. There is no evidence showing that when Trabert signed the contract, the arbitration costs/fees would make the arbitration procedure unavailable or "thwart his ability to take an appeal in the limited circumstances where such appeal is available." (*Sanchez, supra*, 61 Cal.4th at p. 921.)

13

Trabert argues this case is distinguishable from *Sanchez* because he did not purchase the type of a luxury vehicle at issue in *Sanchez* (a " 'preowned' " Mercedes Benz for approximately $54,000), and instead he bought a used 2007 Chevrolet Malibu for approximately $14,782 at a high interest rate and his vehicle was later repossessed. However, the make and price of the vehicle are insufficient to reasonably infer the consumer's financial condition at the time of the purchase. The consumer has the burden to show unaffordability and it is speculative to conclude an individual's ability to pay based solely on the nature of the purchased consumer product. There are many possible reasons a consumer will purchase a relatively inexpensive vehicle and/or decide not to continue making payments on the vehicle. There are no reasonable grounds for concluding that these individual consumer decisions alone reflect the party's assets and income level at the time he or she purchased the vehicle. Further, although Trabert asserted (without providing evidence) that he lost his job one year after purchasing the vehicle, the relevant time for determining affordability is the date the arbitration agreement was signed. (See *Sanchez, supra*, 61 Cal.4th at p. 920.)

Trabert also contends this case is different from *Sanchez* because he presented evidence that common hourly rates of private arbitrators are between $400 and $600. He cites our observation in *Trabert I* that given a typical preparation and hearing time, Trabert could be required to advance "a minimum of $10,000" to appeal an arbitration award. (*Trabert I, supra*, D060491.)

These facts do not materially distinguish this case from *Sanchez* on the cost issue. The *Sanchez* court recognized that arbitrator fees in Los Angeles "average around $450

14

per hour" and that a requirement a consumer bear such fees "*has the potential* to deter the consumer from using the appeal process." (*Sanchez, supra*, 61 Cal.4th at p. 920, italics added.) But the court held this "potential" is not enough to establish unconscionability under California law. (*Ibid*.) The court stated a provision imposing arbitration costs "cannot be held unconscionable absent a showing that appellate fees and costs *in fact* would be unaffordable or would have a substantial deterrent effect in [the] case." (*Ibid.*, italics added.) Here there was no *evidence* the fees and costs would *in fact* be unaffordable or would have a substantial deterrent effect in this case.

Trabert contends he could not afford the arbitration *if* the AAA commercial arbitration fee schedule applied to his case. However, in his opposition papers below, Trabert took the position that "the Commercial Rules *do not apply* to this consumer transaction." (Italics added.) Trabert's counsel's assertion at oral argument the parties *agreed* to be governed by the commercial arbitration rules is unsupported by the record. Trabert's proffered AAA rules state: "In an effort to make arbitration costs reasonable for consumers, the AAA has a separate fee schedule for consumer-related disputes." Trabert has not directed us to any facts showing this rule would be inapplicable to the parties' dispute.

Even if the commercial fee schedule applied to this case, the record lacks any facts showing Trabert's individual economic situation when he purchased the car. In this regard, we find unhelpful Trabert's discussion of our observation in *Trabert I* regarding the likelihood of substantial fees to appeal an arbitration award. Under pre-*Sanchez* law, we made this observation in connection with the likely costs of a second arbitration, and

15

not whether *this particular consumer in fact* could afford those costs, and/or regarding the possibilities of waivers or deferrals of these costs. As noted above, the arbitration provision requires Portfolio to bear $2,500 of any imposed costs, and the statutes require certain relief for an indigent consumer.

Trabert contends the court made a factual finding that the arbitration would be unaffordable to him and we are bound by this factual finding on our appellate review. The record does not support this assertion. Although we must make all inferences favoring the court's order, the order cannot be fairly read to encompass a factual finding that Trabert would be unable to afford the arbitration. Additionally, we are bound by a court's findings only if the findings are supported by the evidence. (*Pedro v. City of Los Angeles* (2014) 229 Cal.App.4th 87, 99.) There is no evidence on the record before us that at the time Trabert signed the purchase contract, the arbitration would be unaffordable to him.

In evaluating an unconscionability claim, a court must consider the arbitration agreement as a whole, and not merely the offending provision, and must compare the arbitration rules with the alternative (a lawsuit in a civil court). (See *Sanchez, supra*, 61 Cal.4th at p. 922; *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1146-1148.) As discussed by the *Sanchez* court, because the automobile dealer is the party more likely to trigger the second arbitration under the arbitration provision, the second-arbitration cost burden is more likely to fall on the dealer rather than the consumer. Further, the provisions limiting appeals only for a "$0" award or an award over $100,000 may provide a substantial benefit to the consumer and promote the advantages of

16

arbitration by making it more likely the decision will be final with no appeal permitted. If Trabert was to litigate his case at trial, *any* award favorable to him would be subject to an appeal, with the attendant substantial costs and delay.

Under *Sanchez*, the arbitration provision in Trabert's purchase agreement was not unconscionable and therefore must be enforced.

DISPOSITION

The orders denying defendant's motion to compel arbitration are reversed. The court is ordered to enter a new order granting defendant's motion to compel arbitration. The parties to bear their own costs on appeal.

HALLER, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.